# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:19-cr-0057 |
| ) | |
| ASHEN TIRADO TAPIA, JAHNIEL FUERTES ) | |
| ROBLES, ABDIEL RIVERA MEDINA, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

**BEFORE THE COURT** are the motions of Jahniel Fuertes-Robles ("Robles") to conduct his sentencing in this matter by video conferencing.

On September 19, 2019, the United States filed a two-count indictment charging Robles and his codefendants Ashen Tirado-Tapia ("Tapia") and Abdiel Rivera-Medina ("Medina") with concealing more than $100,000.00 in currency and failing to heave their vessel. On December 10, 2019, Robles, Tapia, and Medina each withdrew their previously entered not-guilty pleas and pled guilty to Count I of their respective indictments. Sentencing for each was initially scheduled for April 9, 2020, continued to July 9, 2020, then continued again to August 13, 2020.

Tapia and Robles filed their motions requesting sentencing by video conferencing on May 27, 2020 (ECF No. 78) and May 29, 2020 (ECF No. 79), respectively. The Court then denied both motions by Order entered June 9, 2020, finding that "[n]either Tapia nor Robles have provided any reason that their sentencings 'cannot be further delayed without serious harm to the interests of justice.'" ECF No. 80, at 2 (internal citation omitted). Robles filed a timely motion for reconsideration of the July 9, 2020 Order (ECF No. 82), and subsequently filed another motion requesting the same relief (ECF No. 85). Tapia now joins Robles' motion for reconsideration. ECF No. 84.

"A party may file a motion asking the Court to reconsider its order or decision... based on: 1. Intervening change in controlling law; 2. Availability of new evidence, or; 3. The need

to correct clear error or prevent manifest injustice." LRCi 7.3; *see* LRCr 1.2 ("In cases of general procedure not covered by these Rules, the Local Rules of Civil Procedure shall apply."). Though none of these bases are articulated, in Robles' motion for reconsideration, he appears to assert that new evidence has become available pertinent to his request that his hearing be held via the Court's videoconferencing system, as well as seeking to prevent manifest injustice. Robles specifically argues that "we are facing a second wave of [COVID-19] infections in the United States" and "we are in for 100,000 cases a day and months of this emergency in our Nation." ECF No. 82, at 4. Further, Robles contends that "our airport is the main contagion point of COVID-19 in Puerto Rico," due to arriving flights from "infection hot spots." *Id.* at 2. Thus, travelling to St. Thomas for sentencing would "expos[e] the inmate community in [Robles'] unit" to COVID-19, as well as Robles' counsel's "76 year old mother and 71 year old aunt." *Id.* at 3. These arguments are all reincorporated into Robles' subsequent motion for sentencing via video conferencing. ECF No. 85, at 2.

Robles further argues that the continued delay of his sentencing will cause him to suffer harms related to the presence of COVID-19 in MDC Guaynabo, where he is held awaiting sentencing; that MDC Guaynabo is overcrowded, creating an increased risk of COVID-19 spread; that sentencing will permit him to move to another facility that is not overcrowded; that rehabilitative services including GED, English as a Second Language, and other services are unavailable to him in MDC Guaynabo; and that MDC Guaynabo's currently operative 22-hour lockdown creates "a cruel and unusual punishment. *Id*.

The Court is not persuaded by the concerns raised in Robles' renewed motion, because none of these come with any guarantee or evidence of remedy by his transfer to another facility. Specifically, there is no evidence that any facility to which Robles is transferred will not, now or in the immediate future, suffer from in-facility cases of COVID-19, that such facility will not be overcrowded, or that such facilities will not restrict rehabilitative services or implement a lockdown as prophylactic measures to limit the potential spread of COVID-19. Nevertheless, the Court finds that it is in the interest of justice to allow Robles to attend his sentencing hearing via video conferencing.

*United States v. Robles et al.*
Case No. 3:19-cr-0057
Order
Page **3** of **5**

Federal Rule of Criminal Procedure 43 requires that a "defendant must be present at . . . sentencing." Fed. R. Crim. P. 43(a)(3). Nevertheless, in light of the COVID-19 pandemic, Congress recently provided certain circumstances under which a sentencing may be conducted by video teleconference. On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). The Act was signed into law by the President of the United States that same day. Among its many provisions, the CARES Act authorizes district courts to use video teleconferencing to hold felony sentencings under appropriate circumstances and with the consent of the defendant after consultation with counsel. *See* CARES Act, § 15002(b)(2), H.R. 748, 248-49; *id.* § 15002 (b)(4) ("Video teleconferencing . . . authorized under paragraph . . . (2) may only take place with the consent of the defendant . . . after consultation with counsel."). Specifically, the following three conditions must be met: (1) the Judicial Conference of the United States must "find[] that emergency conditions due to the national emergency declared by the President . . . with respect to the [COVID-19] will materially affect the functioning of [] the Federal courts generally;" (2) the chief judge of a district court covered by that finding must "specifically find[] . . . that . . . felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety;" and (3) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice." *See id.* § 15002(b)(2),

On March 29, 2020, the Judicial Conference of the United States found, pursuant to the CARES Act, that emergency conditions due to the national emergency declared by the President with respect to COVID-19 have materially affected and will materially affect the function of the federal courts generally.

On April 9, 2020, the Chief Judge of the District Court of the Virgin Islands entered a third general order responding to the COVID-19 pandemic. In that order, the Chief Judge found that felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person in this judicial district without seriously jeopardizing public health and safety. As such, the April 9, 2020 Order authorized the use of videoconferencing

*United States v. Robles et al.*
Case No. 3:19-cr-0057
Order
Page **4** of **5**

to conduct felony sentencing for a period of 90 days. On July 8, 2020, the Chief Judge of the District Court of the Virgin Islands entered an order extending the April 9, 2020 Order for another 90-day period unless terminated earlier.

The "court must impose sentence without unnecessary delay." Fed. R. Crim. P. 32(b)(1). Without an end, or even an abatement, in sight to the ongoing COVID-19 pandemic, the indefinite delay of these sentencing hearings "would only add to the enormous backlog of criminal and civil matters facing this Court, and every Judge in this District, when normal operations resume." *E.g., United States v. Hernandez,* 2020 WL 2850222, at *3 (C.D. Cal. June 1, 2020); *United States v. Soe*, 2020 WL 3483588, at *3 (C.D. Cal. June 25, 2020). Robles asserts the continued spread of COVID-19 as bases for both his motion for reconsideration and his subsequent motion, arguing that "our airport is the main contagion point of COVID-19 in Puerto Rico," due to arriving flights from "infection hot spots." ECF No. 82, at 2. Thus, travelling to St. Thomas for sentencing would "expos[e] the inmate community in [Robles'] unit" to COVID-19, as well as Robles' counsel's "76 year old mother and 71 year old aunt." *Id.* at 3.

The continued delays to in-person proceedings, and their resultant backlog of cases, undermine the Court's ability to efficiently manage its docket. This inefficiency consequently weighs heavily against the public's interest in judicial economy. *See In re Modafinil Antitrust Litigation*, 837 F.3d 238, 268 (3d Cir. 2016) ("'Judicial economy' means '[e]fficiency in the operation of the courts and the judicial system… .") (Rendell, J., concurring in part). Thus, Rule 32(b)(1)'s requirement that a sentence be imposed without unnecessary delay intertwines considerations of judicial economy with the interest of justice, particularly in the abnormal context of the COVID-19 pandemic. *Cf. In re: Howmedica Osteonics Corp.*, 867 F.3d 390, 402 (3d Cir. 2017) ("public interests… derive from 'the interest of justice.'… We regard these public interests to include judicial economy considerations.") (internal citations omitted).

Here, the interests of justice necessarily cannot be served by unduly delaying a defendant's sentencing once a guilty plea has been entered. *Cf. Pennsylvania v. Ritchie*, 480 U.S. 39, 50 n. 8 (1987) ("The interests of judicial economy and the avoidance of delay, rather

than being hindered, would be best served by resolving the issue."). Where a defendant has, as Robles has in this case, consented to sentencing by video teleconferencing through affidavit (ECF No. 79-1) and represents that the United States has no objection to the request (ECF No. 85, at 3), such an indefinite delay causes continued serious harm to the public's interest in judicial economy, and by extension, the interests of justice. *Cf. Howmedica*, 867 F.3d at 402.

The premises considered, it is hereby

**ORDERED** that Robles' Motion for Reconsideration (ECF No. 82) is **GRANTED**; it is further

**ORDERED** that Robles' Motion (ECF No. 85) is **GRANTED**; it is further

**ORDERED** that Jahniel Fuertes-Robles shall be permitted to attend his August 13, 2020, sentencing by video teleconferencing; and it is further

**ORDERED** that the public may access the audio of the video conference proceedings in this matter by calling 1-888-251-2909 and entering access code 5157509#.

**Date:** August 7, 2020                                               */s/ Robert A. Molloy*
                                                                      **ROBERT A. MOLLOY**
                                                                      **District Judge**